PAUL A. WARNER (SBN 112168)
1624 Santa Clara Drive
Suite 220
Roseville, CA 95661
Telephone: (916) 996-3100
Facsimile: (916) 789-7557

Attorney for Kobra Alizadeh, Abe Alizadeh,
Parvaneh Alizadeh, Mitra Alizadeh, Azita Alizadeh,
Sharyl Kranig

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kobra Alizadeh, Abe Alizadeh, Parvaneh Alizadeh, Mitra Alizadeh, Azita Alizadeh. Sharyl Kranig<br><br>              Plaintiffs,<br><br>          v.<br><br>MUFG Union Bank N.A.,<br>UNITED STATES OF AMERICA,<br>et al.,<br><br>              Defendants. | Case No.    2:22-at-00843<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER TO QUASH SERVICE OF SUMMONS**<br><br>Assigned to Judge:<br><br>Assigned to Magistrate:<br><br>Date:<br>Time:<br>Courtroom: |

TO THE COURT AND ALL PARTIES:

NOTICE OF MOTION AND MOTION FOR AN ORDER TO QUASH SERVICE OF SUMMONS RE Kobra
Alizadeh, Abe Alizadeh, Parvaneh Alizadeh, Mitra Alizadeh, Azita Alizadeh. Sharyl Kranig
- 1

INTRODUCTION

Plaintiffs hereby petition the Court for an order quashing the service of summons issued by United States Revenue Officer 1000668509, David Barbearo ("IRS") to MFUG Union Bank ("Union") (attached to the declaration of Kobra Alizadeh, served and filed herewith and incorporated herein by this reference, as Exhibits A for the books, records, and papers related to various accounts opened by the Plaintiffs, preventing and precluding compliance therewith.

On Monday, August 1, 2022, Plaintiffs received by mail a notice from UnionBank dated July 28, 2022, with the attached subpoena dated April 14, 2022 but which was issued March 29, 2022, requiring production of records by July 19, 2022. Plaintiff had no prior notice or knowledge of the legal order. On August 1, 2022, Counsel for Plaintiffs telephoned Union, and was informed that an extension had been requested and granted until August 15, 2022 for the production of records. On August 4, 2022, Counsel for Plaintiffs sent a letter to Union and IRS objecting to the summons and production. Thereafter Counsel for Plaintiffs telephoned Union and was informed that the matter had been referred to its legal counsel to evaluate the IRS claim that Plaintiffs had no right to object and should not have been notified by Union, in accordance with St. Paul v USA, 996 F.2d 1227 (9th Cir. 1993) – an unpublished opinion. On August 9, 2022, Counsel for Plaintiffs telephoned Union and was informed that Union intended to comply with the production on August 15, 2022. Thereafter, Counsel for Plaintiffs telephoned and left a message with Agent Barbearo requesting an extension of time for production.

JURISDICTION AND VENUE

1. This court has jurisdiction to hear this Petition pursuant to the provisions of 26 U.S.C.A. 7609§(h)(1); see also U.S. v. Toyota Motor Corp., 561 F. Supp. 354, 360–361 (C.D. Cal. 1983) ("Once the judicial power of the United States is established ... the Government must

show that it has brought its enforcement petition in a convenient forum.").

2.      Union, the party summoned has many branch offices located in the Eastern District for California, at least one of which is within walking distance of the Sacramento Courthouse in Sacramento, California. Under such circumstances, Union, are "found" in this District for purposes of § 7609(h)(1) and both venue and jurisdiction over the Plaintiffs' Petition To Quash lie here. See 26 U.S.C.A. § 7609(h)(1).

## PARTIES

3.      Plaintiffs reside and/or have their principal place of business within the Eastern District of California.

4.      Pursuant to the requirements prescribed by IRS Form 2039, the United States of America is named as the Respondent.

## OBJECTIONS TO ENFORCEMENT OF SUMMONS

5. The Plaintiffs object to enforcement of the Summons for the following reasons:

(a) The Summons, on its face, is apparently issued for an improper purpose. Specifically, the Summons is neither directed at nor limited to records relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the Plaintiffs. See Summons, attached as Exhibits A to the Declaration of Kobra Alizadeh. The Summons seeks production of all records for all accounts belonging to Kobra Alizadeh, Abe Alizadeh, Parvaneh Alizadeh, Mitra Alizadeh, Azita Alizadeh, and Sharyl Kranig.  There is no proper purpose for the IRS to obtain unfettered access to all the financial account information of the Plaintiffs since the target subject of the Summons is Michael Alizadeh who has no interest or

nexus in the accounts under subpoena.  Any payments made by Kobra Alizadeh, Abe Alizadeh, Parvaneh Alizadeh, Mitra Alizadeh, Azita Alizadeh, Sharyl Kranig were not made for the benefit of Michael Alizadeh.

(b) Even if the Summons were issued for a proper purpose, the manner in which it is written is so overbroad and invasive as to render it unenforceable. The Summons is so broad that it seeks privileged, personal, and confidential records of the Plaintiff which are clearly irrelevant to any investigation pertaining to the administration or enforcement of the internal revenue law laws, and unnecessarily invades the privacy and confidentiality of Plaintiff's clients – none of whom is Michael Alizadeh.   Furthermore, the Summons refers to 1040 periods from 2005-2008, but extends the record production from Union to the compliance date.

(c)  The Summons issued by IRS is stated to be in the matter of MICHAEL ALIZADEH ("Michael") but seeks the records of Kobra Alizadeh, Abe Alizadeh, Parvaneh Alizadeh, Mitra Alizadeh, Azita Alizadeh, and Sharyl Kranig.    Michael is not an account holder nor signer on any accounts at Union in the name of Plaintiffs.  Accordingly, the Summons unnecessarily invades the privacy and accounts of Plaintiffs.  The only association between Michael and Plaintiffs is familial.

(d) The Summons was issued in bad faith, asserting an unpublished opinion to support its claim of not being subject to objection to Union. It constitutes an improper fishing expedition against the Plaintiffs: (i) to harass the Plaintiffs; (ii) to improperly obtain confidential financial and other information to which the IRS is not entitled. As a result, the Summons to Union for the Plaintiffs' records should be quashed.

(e)  In a case strongly on point, the Honorable Kenneth L. Ryskamp of the Southern

District of Florida, determined that the exception for "in the aid of collection" did not apply where the target of the summons was not the taxpayer. (Robertson v. U.S., 843 F.Supp. 705 (1993)). In that case, an IRS summons was issued to Riverside National Bank on March 24, 1993 by Revenue Officer Laura Thayer. The summons was issued in connection with tax liabilities of T.L. and JoAnn R. Sloan for the 1986 tax year. However, the summons did not request records concerning the Sloans. Rather, the summons requested all bank records regarding Petitioner's checking, loan, and savings accounts for the calendar years 1990, 1991, and 1992. The IRS contended therein that the  summons was in aid of the collection of the unpaid tax liability of the Sloans. Petitioner stated, however, in her affidavit that she has no legal or business relationship with the Sloans nor do the Sloans hold any legal or equitable interest in the accounts or real property identified in the summonses.   When the IRS objected therein to Petitioner's right to quash the summons by operation of 26 U.S.C. § 7609(c)(2)(B)(i), the Court discussed the legislative history:

The House Committee describes the purpose behind the "in the aid of collection" exception as follows:

However, this procedure will not apply in the case of a summons used solely for the purposes of collection ... Thus, where the Service has made an assessment or obtaining [sic] a judgment against a *taxpayer* and serves a summons on a bank, for example, in order to determine whether the *taxpayer* has an account in that bank, and whether the assets in that account are sufficient to cover the tax liability which has been assessed, the Service is not required, under the committee bill, to give notice to the *taxpayer* whose account is involved [emphasis added]. 1976 U.S.Cong. & Admin.News at 2897, 3206. The Senate Report included essentially the same wording. 1976 U.S.Cong. & Admin.News at 3800–01.   (Robertson, Supra, at 706)

Accordingly, the Court therein interpreted the exception, therefore, as intending to apply narrowly to summonses issued to third-party recordkeepers where the *taxpayer* whose tax liability has been assessed has a recognizable interest in the records summoned. (Id.)

Here, as in Robertson, the summons does not seek records of the *taxpayer* (Michael), but

rather, unnecessarily seeks to unreasonably infringe on the civil rights of Plaintiffs, including their right to privacy.

CONCLUSION

Based upon the above, Plaintiffs move this court to enter an Order: (1) quashing the Summons and preclude Union from producing records in compliance, and the IRS from reviewing any records so produced; and, if not quashed, (2) providing the Plaintiffs with discovery through which to establish the IRS's improper purpose for issuance of the Summons, including an adversarial evidentiary hearing.

Dated: 10 Aug 22 _____

Paul A. Warner Attorney for Kobra Alizadeh, Abe Alizadeh, Parvaneh Alizadeh, Mitra Alizadeh, Azita Alizadeh, and Sharyl Kranig